# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| INCARNACION L. SPEAKS, ) | Case No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT AND** |
| ) | **JURY TRIAL DEMAND** |
| MAZDA MOTOR CORPORATION, ) | |
| MAZDA MOTOR OF AMERICA, INC., d/b/a ) | |
| MAZDA NORTH AMERICA OPERATIONS, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF

1. At all times herein, Plaintiff resided within the Missoula Division of the United States District Court of Montana and presently resides in Missoula, Montana.

## DEFENDANTS

2. Defendant Mazda Motor Corporation (MMC) was and is a Japanese corporation engaged in the business of manufacturing, designing, developing, testing, inspecting, distributing, and selling motor vehicles in the United States and in the state of Montana. MMC manufactured and sold the 1994 Mazda Protege that is the subject of this action. MMC may be served by registered mail with Summons and Complaint pursuant to Article 10(a) to

1

The Convention on The Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial matters, commonly referred to as The Hague Convention, at Mazda Motor Corporation, 3-1 Shinchi, Fuchu-cho, Aki-gun, Hiroshima, 730-91, Japan.

3. Defendant Mazda Motor of America, Inc., d/b/a Mazda North America Operations (MMA) was and is a California corporation engaged in the business of manufacturing, designing, developing, testing, inspecting, distributing, and selling motor vehicles in the United States and in the state of Montana. MMA was and is the American subsidiary of Defendant MMC. MMA manufactured and sold the 1994 Mazda Protege that is the subject of this action. MMA can be served with process through its registered agent for service of process: Barbara Tang, 7755 Irvine Center Drive, Irvine, CA 92618.

## JURISDICTION AND VENUE

4. Jurisdiction is asserted under 28 U.S.C. §1332 (diversity) because all of the defendants reside in a different state than Plaintiff and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

5. Venue is proper in this Division pursuant to Local Rule 3.2(b)(1)(A) because the tort herein described occurred in this venue and Plaintiff lives in this venue.

## FACTUAL BACKGROUND

6. On January 29, 2011, at approximately 5:24 pm, Plaintiff Incarnacion L. Speaks was riding in the right front passenger seat in a 1994 Mazda Protege DX four (4) door sedan (Mazda Protege) with VIN JM1BG2246R0810696 that was traveling west on West Broadway Street in Missoula, Montana.

7. The Mazda Protege was involved in a collision with another vehicle at the intersection of West Broadway Street and Maple Street.

8. The Mazda Protege was equipped with automatic, passive shoulder belts and manual lap belts for the front seat occupants.

9. At the time of the collision, the automatic, passive shoulder belt was in its designed position and Plaintiff was wearing the manual lap belt.

10. The restraint system failed to properly restrain the Plaintiff and caused serious and life-threatening internal injuries.

## COUNT I – STRICT LIABILITY

11. Plaintiff adopts Paragraphs 1 through 10 by reference.

12. Defendants were engaged in the business of manufacturing and selling the Mazda Protege.

13. The Mazda Protege was used for its intended purpose as a motor vehicle and in a manner reasonably foreseeable. The restraint system was used for its intended purpose and in a manner reasonably foreseeable.

14. The Mazda Protege was expected to and did reach the Plaintiff without substantial change in the condition in which it was sold. The restraint system of the Mazda Protege operated the same on January 29, 2011, as it did when the vehicle was manufactured and sold by the Defendants.

15. At the time the Defendants manufactured and sold the Mazda Protege into the stream of commerce, it was then in a defective condition unreasonably dangerous to a user or consumer, including Plaintiff.

16. The Mazda Protege was dangerous to an extent beyond that anticipated by the ordinary user, including Plaintiff. The restraint system of the Mazda Protege was designed such that it failed to properly restrain users of the restraint system, including Plaintiff.

17. As a direct and proximate result of the defective design of the restraint system of the Mazda Protege, Plaintiff was physically injured, suffered physical and mental pain, incurred medical expenses, sustained permanent and disabling injuries to her body, pain, suffering, loss of enjoyment of life, loss of wages, loss of earning capacity, and Plaintiff is reasonably certain to sustain such damages in the future.

## COUNT II – NEGLIGENCE

18. Plaintiff adopts Paragraphs 1 through 17 by reference.

19. Defendants owed a duty to use reasonable care to avoid creating an undue risk of harm to those who might be reasonably expected to use the Mazda Protege and its restraint system, including the Plaintiff.

20. Defendants were negligent in the design, development, and testing of the Mazda Protege and its restraint system and breached the duty of care owed.

21. Defendants performed testing on the Mazda Protege's restraint system and possessed knowledge that the restraint system would not properly restrain occupants involved in foreseeable collisions.

22. As a direct and proximate result of the Defendants' negligence, Plaintiff was physically injured, suffered physical and mental pain, incurred medical expenses, sustained permanent and disabling injuries to her body, pain, suffering, loss of enjoyment of life, loss of wages, loss of earning capacity, and Plaintiff is reasonably certain to sustain such damages in the future.

## COUNT III – PUNITIVE DAMAGES

23. Plaintiff adopts Paragraphs 1 through 22 by reference.

24. Defendants had actual knowledge of facts or intentionally disregarded facts that created a high probability of injury to Plaintiff and users of Mazda Proteges equipped with the subject restraint system.

25. Defendants deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Plaintiff and other users and/or deliberately proceeded to act with indifference to the high probability of injury to Plaintiff and other users of the subject restraint system. Defendants are guilty of malice as defined by Montana law, under Section 27-1-221, MCA, and each of them should be punished and made an example of to discourage each of them and others from engaging in like conduct in the future, through an assessment of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands:

a. Actual damages as alleged herein which exceed the minimum jurisdictional limits of this court in recompense for her serious and life-threatening injuries, medical expenses, permanent and disabling injuries to her body, pain, suffering, loss of enjoyment of life, loss of wages, loss of earning capacity, and damages reasonably certain to be sustained in the future;

b. Punitive damages in a sufficient amount to discourage each of the Defendants and others from engaging in like conduct in the future

c. Costs of suit;

d. Pre-judgment and post-judgment interest as provided by law;

e. Such other and further relief both general and special, at law and in equity, to which Plaintiff may be justly entitled and the Court deems appropriate.

DATED this 16th day of January, 2014.

        CONNER & MARR, PLLP


        /s/ Dennis P. Conner
        Dennis P. Conner
        PO Box 3028
        520 Third Avenue North
        Great Falls, MT 59403-3028
        Telephone: (406) 727-3550
        Facsimile: (406) 727-1640
        dennis@connermarr.com

        Steve Fletcher
        Fletcher Law, PLLC
        PO Box 9377
        Missoula, MT 59807
        Telephone: (406) 541-7307
        steve@fletchlaw.net

        *Attorneys for Plaintiff*

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 16th day of January, 2014.

        CONNER & MARR, PLLP


        /s/ Dennis P. Conner
        Dennis P. Conner
        PO Box 3028
        520 Third Avenue North
        Great Falls, MT 59403-3028
        Telephone:  (406) 727-3550
        Facsimile:  (406) 727-1640
        dennis@connermarr.com

        Steve Fletcher
        Fletcher Law, PLLC
        PO Box 9377
        Missoula, MT 59807
        Telephone:  (406) 541-7307
        steve@fletchlaw.net

        *Attorneys for Plaintiff*