IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| INCARNACION L. SPEAKS, <br><br> Plaintiff, <br><br> vs. <br><br> MAZDA MOTOR CORPORATION, MAZDA MOTOR OF AMERICA, INC., d/b/a MAZDA NORTH AMERICAN OPERATIONS, <br><br> Defendants. | CV 14–25–M–DLC <br><br> ORDER |

Before the Court is Defendants' motion objecting to the timeliness of Plaintiff's expert disclosure materials. For the reasons explained, the Court grants the motion.

**Discussion**

On August 13, 2014, following a preliminary pretrial conference, and pursuant to the parties' agreed upon proposed dates, the Court issued its Scheduling Order establishing, among other things, deadlines for expert disclosures. Pursuant to the Scheduling Order, the deadline for disclosure of Plaintiff's damages experts and simultaneous disclosure of liability experts was November 19, 2014.

-1-

Under the heading "Expert Disclosure," the Court's Scheduling Order provides that for specially retained experts "[e]ach party is responsible for ensuring that expert reports . . . are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify." (Doc. 40 at 6.) The Court's Scheduling Order underscores that "[a]n inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed." *Id.* (emphasis in original)[1]

In accordance with the Court's Scheduling Order, Plaintiff submitted to Defendants her expert reports and disclosures on November 19, 2014. On December 3, 2014, Defendants filed a motion objecting to the sufficiency of Plaintiff's expert disclosures, contending that the disclosures improperly omitted documents comprising the experts' underlying work product. In particular, according to Defendants, the expert report and disclosure for Plaintiff's expert, Steve Syson, referred to, but did not provide, various documents, including papers authored by Mr. Syson, data underlying results from specific crash tests, and other documents referenced in the report. (Doc. 52 at 2.) Additionally, Defendants

---

[1] The Court's Scheduling Order also addresses "Supplementation of Incomplete or Incorrect Expert Reports." *Id.* at 7. This section of the Court's Scheduling Order provides that supplemental disclosures by experts specially retained are allowed up to no later than ninety days before trial, if an expert report is "incomplete or incorrect." *Id.* at 8 (emphasis in original.)

asserted that the expert report and disclosure for Plaintiff's expert, Michelle Hoffman, was insufficient because it failed to provide Defendants with Ms. Hoffman's work product or any proposed trial exhibits.

On December 12, 2014, Plaintiff responded that, for the most part, all supporting materials for the various experts' opinions had been properly disclosed. Regarding Ms. Hoffman's report and disclosure, Plaintiff asserted that Plaintiff had already "produced all the materials [Ms. Hoffman was] relying upon in support of [her] opinions." (Doc. 54 at 6.) With respect to Mr. Syson, Plaintiff admitted that the report may require supplementation, and asserted that Plaintiff would be "producing those materials to the Defendants in the very near future." *Id.* Plaintiff contended that this supplementation was permissible because supplementation of an incomplete report is permissible under the Court's Scheduling Order and because there would be no harm to Defendants from Plaintiff's supplementation. Plaintiff further asserted that some materials supporting the experts' disclosures were lacking because Defendants had failed to produce requested information during discovery.

By Order of January 12, 2015, the Court denied Defendants' motion because it did not comply with the Court's Local Rules regarding discovery motions.

On January 16, 2015, approximately two months after the deadline for expert disclosures established by the Court's Scheduling Order, Plaintiff provided Defendants with "additional supporting documents for Mr. Syson and Ms. Hoffman's reports." (Doc. 59-1 at 1.) The new materials supporting Mr. Syson's report included more than 2,174 separate files. The new materials supporting Ms. Hoffman's report consisted of 74 photographs and three page of notes from an additional surrogate study that Ms. Hoffman completed on January 6, 2015, almost two months after the November 19, 2014 expert disclosure deadline.

On January 30, 2015, Defendants filed the instant motion objecting to Plaintiff's "supplementation" of her expert disclosures as untimely. (Doc. 59 at 3.) Plaintiff responded that the untimely supplementation was made pursuant to an agreement between counsel regarding disclosure of each "expert's file" prior to their respective depositions. (Doc. 67-1.) Plaintiff also argued that, in any case, the late disclosure did not harm Defendants. Notably, Plaintiff did not contend that the untimely disclosure of new materials was justified by the Court's Scheduling Order and its provision for supplementation of incomplete or incorrect reports, nor did Plaintiff contend that the late supplementation was justified because the materials were only recently obtained due to Defendants' failure to comply with Plaintiff's discovery requests. Defendants replied that Plaintiff's

construction of the agreement between counsel was erroneous.

As proof of the agreement between counsel purportedly justifying the late disclosure, Plaintiff attached to her response an email from Defendants' counsel to Plaintiff's counsel. Defendants' counsel wrote to Plaintiff's counsel that "we now have an agreement that . . . one week (at least 7 days) before each liability expert's deposition, opposing counsel will receive a copy of the expert's file, meaning everything that expert has assembled for this case and everything he or she will use, refer to or rely upon, except anything that has already been served or produced." (Doc. 67-1 at 1.) This email was sent to Plaintiff's counsel on January 19, 2015, just three days after Defendants served on Plaintiff a series of duces tecum deposition notices for Plaintiff's experts. These duces tecum notices required Mr. Syson and Ms. Hoffman to provide various materials at their scheduled depositions, including, among other things, "[y]our complete file with regard to this matter." (Doc. 69-1 at 4, 16.)

Given the language of the deposition notices, and the timing of the agreement between counsel, the Court rejects Plaintiff's construction of the agreement between counsel. The Court views the email from Defendants' counsel as an agreement regarding the production of documents at the experts' depositions pursuant to the duces tecum deposition notices, and nothing more. As Defendants

argue, there is no indication in the email, or anywhere, that Defendants were waiving the Court's deadline for expert disclosures. Indeed, in Defendants' original motion objecting to the sufficiency of Plaintiff's expert disclosures, Defendants expressly noted that any attempt by Plaintiff to supplement their experts' disclosures would be untimely. Defendants are also correct that the distinction between those limited materials provided for purposes of a Fed. R. Civ. P. 26(a)(2)(B) disclosure and the materials constituting an expert's "complete file," as contemplated in Defendants' duces tecum deposition notices, should be well understood. Indeed, Plaintiff's counsel exhibited an understanding of this distinction in response to Defendants' motion objecting to the sufficiency of Plaintiff's expert disclosure by asserting that Plaintiff had already "produced all the materials [Ms. Hoffman was] relying upon in support of [her] opinions." (Doc. 54 at 6.) Plaintiff's attempt to now supplement Ms. Hoffman's expert disclosure with "additional supporting documents for . . . Hoffman's report[]" runs contrary to this prior statement. (Doc. 59-1 at 1.) The agreement memorialized in the January 19, 2015 email did not constitute a waiver by Defendants of the deadline for expert disclosures.[2]

---

[2] Plaintiff has filed a motion to strike Defendants' reply in support the instant motion, or, in the alternative, for leave to file a sur-reply. The Court denies the motion because the objectionable portion of the Defendants' reply is entirely immaterial to the Court's analysis. Mr.

The Court's Scheduling Order is clear. Pursuant to the parties' agreed upon proposed dates, the Court established a November 19, 2014 deadline for expert disclosures. It is the responsibility of counsel to ensure that their expert reports "are complete, comprehensive, accurate and tailored to the issues." (Doc. 40 at 6.) Submission of an inadequate report has consequences. Enforcement of the expert disclosure deadline is important to an efficient and orderly discovery process and to a fair resolution of the parties' dispute. The Court rejects Plaintiff's argument that Defendants are unharmed by the late disclosures. Failure to comply with the expert disclosure deadline unnecessarily complicates discovery, prompts the filing of otherwise unnecessary discovery motions, and disrupts judicial efficiency by necessitating resolution of such discovery disputes by the Court. Accordingly, the untimely disclosed materials will be excluded, and Plaintiff and her experts will be precluded from using or relying upon the untimely materials.

IT IS ORDERED that Defendants' motion objecting to Plaintiff's untimely expert witness disclosure supplementation (Doc. 59) is GRANTED.

---

Syson's deposition testimony on the timeliness of Plaintiff's disclosures of his materials carries no weight with the Court. Thus, there is no need to strike that portion of the reply or for the Court to consider a sur-reply from Plaintiff.

IT IS FURTHER ORDERED that Plaintiff's motion to strike (Doc. 76) is DENIED.

DATED this 16th day of March 2015.

/s/ Dana L. Christensen
Dana L. Christensen, Chief District Judge
United States District Court