IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| INCARNACION L. SPEAKS,<br><br>Plaintiff,<br><br>vs.<br><br>MAZDA MOTOR CORPORATION, and MAZDA MOTOR OF AMERICA, INC., d/b/a MAZDA NORTH AMERICA OPERATIONS,<br><br>Defendants. | CV 14–25–M–DWM<br><br>ORDER |

In January 2011, Plaintiff Incarnacion Speaks ("Speaks") was involved in a motor vehicle accident while riding in the front passenger seat of her 1994 Mazda Protégé DX four-door sedan ("Protégé"). (Final Pretrial Or., Doc. 142 at ¶ IV(F).) The Protégé was equipped with automatic passive shoulder and manual lap belts for the front seat occupants. (*Id.* at ¶ IV(G).) At the time of the collision, Speaks was wearing both the automatic shoulder belt and manual lap belt. (*Id.*) In January 2014, Speaks sued Defendant Mazda Motor Corporation and its related entities ("Mazda"), alleging her Protégé's seat belt system failed to restrain her properly and caused life-threatening internal injuries. (Doc. 1 at ¶ 10.) In October

1

2015, a jury returned a verdict in favor of Mazda after a 7-day trial. (Doc. 189.) Speaks appealed, (Doc. 193), and, in July 2017, the case was remanded for a new trial, (Doc. 207). Trial is scheduled for May 14, 2018. (Sched. Or., Doc. 226.)

Speaks seeks leave for her biomechanical expert Michelle Hoffman to supplement her initial November 2014 expert disclosure with materials from January 2015 and November 2017. (Doc. 228.) Mazda seeks to exclude Ms. Hoffman's testimony in its entirety. (Doc. 238.) Substantially similar motions were raised before Judge Christensen prior to the first trial, and both were denied. (*See* Docs. 80, 125.) As explained below, Ms. Hoffman's testimony will be limited to that disclosed in November 2014 report.

## I. Supplementation

On January 16, 2015—approximately two months after the expert disclosure deadline—Speaks supplied Mazda with new materials supporting Ms. Hoffman's original report, consisting of 74 photographs and three pages of notes documenting an additional surrogate study that Ms. Hoffman completed on or about January 6, 2015. (Doc. 229 at 2.) Mazda objected to the supplementation as untimely, (Doc. 59), and, on March 16, 2015, Judge Christensen granted Mazda's motion to preclude Ms. Hoffman from testifying as to the evidence and opinions disclosed in January 2015, (Doc. 80). Ms. Hoffman testified at the October 2015

2

trial. (*See* Trial Tr., Vol. II.)

Following remand, a second preliminary pretrial conference was held on October 4, 2017, and an updated Scheduling Order was entered, setting a discovery deadline of December 1, 2017. (Doc. 226, at ¶ 1.) Discovery was limited, however, "to updated medical and employment records." (*Id.*) Per the parties, no deadlines were set for expert disclosures because they were considered "completed." (*See id.*) Nevertheless, Speaks now seeks to "supplement" Ms. Hoffman's report with the January 2015 material, as well as a more recent report, dated November 27, 2017. (*See* Doc. 229-1.) She insists that Mazda would not be prejudiced as it has time to review the materials. Mazda, on the other hand, argues that Speaks' request was already adjudicated by Judge Christensen, and that the late disclosures are barred by Rule 26. Mazda has the better argument.

## A.     Reconsideration

Mazda first argues that because Speaks' motion requests reconsideration of Judge Christensen's March 2015 Order, (*see* Doc. 80), she was required to seek leave and must show:

(1)   (A)   the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, *and*

(B)   despite the exercise of reasonable diligence, the party

3

>>applying for reconsideration did not know such fact or law before entry of the order; *or*
>
>(2) new material facts arose or a change of law occurred after entry of the order.

L.R. 7.3(b). Here, the only changed circumstance is the fact the matter has been remanded for a new trial. Indeed, Speaks seeks to "supplement" Ms. Hoffman's disclosure in almost the exact same fashion—including much of the same material—as she did prior to Judge Christensen's 2015 Order. Remand alone did not reopen the opportunity for expert disclosure or further discovery. *See Millenkamp v. Davisco Food Int'l Inc.*, 2009 WL 3430180, at *2 (D. Idaho Oct. 22, 2009) (recognizing that "[t]he fact that a new trial has been set does not restart the entire case"). And, "where litigants have once battled for the court's decision, they should neither be required, nor without good cause permitted, to battle for it again." *Disimone v. Browner*, 121 F.3d 1262, 1266-67 (9th Cir. 1997) (quotation marks and citation omitted). But, even assuming remand gave Speaks a second bite at the apple, she is still not entitled to relief under Rule 26.

### B. Supplemental Report under Rule 26(e)

Speaks identifies Ms. Hoffman's late disclosure as "supplemental." However, under Rule 26(e)(1) a supplemental report may only be filed: "1) upon court order 2) when the party learns that the earlier information is inaccurate or

4

incomplete; or 3) when answers to discovery requests are inaccurate or incomplete." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998). Unless Speaks is conceding that the disclosure made on November 17, 2014, was inaccurate or incomplete, neither the January 2015 nor the November 2017 disclosure is a supplemental disclosure under the rules. Rather, "[w]hat is set forth in the [later] report[s] is the information, reasoning and opinions that Rule 26 requires be disclosed in the critical initial disclosure." *Id.* Speaks' late disclosure is therefore not permitted by Rule 26(e).

## C. Rebuttal Report

Evidence is "rebuttal" evidence if it is "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" and the disclosure is made "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). Speaks' proposed disclosure fails on both fronts. First, while it partially addresses Mazda's expert testimony, (*see* Doc. 229-1 at 2 ("This letter will serve as my rebuttal of the opinions expressed by Dr. Scott in his *November 19, 2014* report and *March 5, 2015* deposition.")), it also encompasses an independent survey of the car and circumstances of the accident, (*see* Attachments, Doc. 59). Second, the final disclosure date of Dr. Scott's expert testimony (Mazda's expert) was November

5

19, 2014. Speaks' "rebuttal" was therefore due by December 2014, but was not disclosed until almost three years later. Speaks' late disclosure does not qualify as rebuttal evidence as to be admissible under Rule 26.

**D.     Sanctions**

Rule 37(c)(1) "gives teeth" to Rule 26's expert disclosure requirements "by forbidding the use at trial of any information . . . that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). However, "[t]he information may be introduced if the parties' failure to disclose [it] . . . is substantially justified or harmless." *Id.* Speaks does not provide any justification for the late disclosure, merely arguing that Mazda is not prejudiced because trial is still months away. Her only recourse is then to show that the lack of timely disclosure was harmless. Mazda insists that the late disclosure threatens the other deadlines set by the Court and would potentially require additional discovery despite the fact the discovery deadline on remand (which only allowed for limited discovery) ran on December 1, 2017.

"Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Wong v. Regents of U. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). "Disruption to the schedule of the court and other

6

parties [due to late disclosures] is not harmless." *Id.* Speaks had numerous opportunities to raise her expert disclosure issues. The case was remanded in July 2017 and the Court held a preliminary pretrial scheduling conference in October 2017. But, Speaks waited until directly prior to the close of discovery and approximately one month before the motions deadline to seek relief. *See Millenkamp*, 2209 WL 3430180, at *4 ("Had the parties desired to reopen discovery and dispositive motions [on remand], they should have asked leave of the Court to do so."). And, as Mazda argues, while Mazda deposed Ms. Hoffman in 2015, the report includes more recent information and entirely new comments as to Dr. Scott's opinions. Because Speaks' late disclosure is neither substantially justified nor harmless, her motion to supplement is denied.

## II. Sufficiency of the Initial Disclosure

Mazda moves, as it did before Judge Christensen, to exclude Ms. Hoffman from testifying as an expert on separate grounds, now asserting that her testimony during the October 2015 trial confirmed that she lacks sufficient facts to support a specific injury causation opinion. (Doc. 238.) Because Ms. Hoffman's November 2014 disclosure and opinions meet the threshold requirements of Rule 702 and *Daubert*,[1] she is permitted to testify to the contents of that disclosure.

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

As a preliminary matter, Mazda's motion suffers from the same procedural hurdle as Speaks': Mazda's motion to exclude was previously ruled on by Judge Christensen, (*see* Doc. 125), requiring Mazda also meet the requirements of Local Rule 7.3. However, unlike Speaks, Mazda has at least some argument that the content of Ms. Hoffman's actual trial testimony constitutes a material change in facts. Even so, complete exclusion of Ms. Hoffman's testimony is not warranted.

Pursuant to the Federal Rules of Evidence, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if [, *inter alia*,] . . . the testimony is based on sufficient facts or data." Fed. R. Evid. 702(b). Mazda argues that Ms. Hoffman's report does not include sufficient facts and data as to opine whether Speaks suffered injuries while wearing the belt routed over her shoulder. Mazda cites to Ms. Hoffman's trial testimony wherein Ms. Hoffman concedes that the basis for her conclusion that the belt was routed over the shoulder was a nursing note "that may have been misinterpreted" and Speaks' testimony as to the belt's placement. (*See* Doc. 239-1 at 4.) However, the trial testimony merely emphasizes that the placement of the belt remains a disputed issue of fact. That dispute existed at the time Judge Christensen made his original ruling. (*See* Doc. 125 at 10-14.) As in the first trial, Mazda can cross-examine Ms. Hoffman as to the validity of her

conclusions by challenging her assumptions regarding the placement of the belt. Mazda's motion is denied.

## III. Conclusion

IT IS ORDERED that Speaks' motion to supplement (Doc. 228) and Mazda's motion to exclude (Doc. 238) are DENIED. While Ms. Hoffman may testify at trial, her testimony is limited to the opinions disclosed in her initial report (dated November 2014).

Dated this 14th day of February, 2018.

Donald W. Molloy, District Judge
United States District Court